Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ANA CELIS TORO Y JACQUELINE ROSA TORO<br><br>Recurrido<br><br>V.<br><br>GLORIA GUZMAN RIVERA, BEATRICE A. CAUTIÑO ANTONGIORGI, JOSÉ LUIS ROSA, COLLENE ROSE CLANCY Y SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR JOSÉ LU<br><br>**ANGEL L. MONTAÑEZ MORALES**<br><br>Peticionario | TA2025CE00462 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Arroyo<br><br>Caso Núm.:<br><br>AY2022CV00030<br><br>Sobre:<br><br>Nulidad de Contrato, Compraventa |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Juez Lotti Rodríguez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

El peticionario señor Ángel Montañez Morales solicita que revisemos la denegatoria del Tribunal de Primera Instancia a autorizar la renuncia de su representación legal. Por su parte, las recurridas señoras Ana Celis Toro y Jaqueline Rosa Toro presentaron su oposición al recurso. Estando el recurso perfeccionado disponemos de la controversia ante nuestra consideración.

**I**

Los hechos pertinentes para atender y resolver este recuro son los siguientes. Durante el mes de junio de 2022 la recurrida presentó una demanda por daños y perjuicios, nulidad de

compraventa y daños y perjuicios extracontractuales contra el peticionario y otros demandados.[1]

Transcurrido un extenso trámite procesal, el 24 de julio de 2025 los abogados del peticionario presentaron una *Moción sobre renuncia de representación legal*. Los Licenciados Ramiro Rodríguez Ramos y Reynaldo Rodríguez presentaron su renuncia en acuerdo con su cliente.[2] La recurrida se opuso, porque ambos representaban al peticionario desde los inicios del pleito. Según la recurrida los abogados del peticionario pretendían renunciar por motivos personales, justo cuando el tribunal les ordenó contestar una moción de sentencia sumaria. La recurrida argumentó que su renuncia continuaría dilatando los procedimientos. No obstante, asintió a autorizar la renuncia, luego de que contestaran la moción de sentencia sumaria.[3] El peticionario replicó para informar que el Lcdo. Ramiro Rodríguez Ramos fue diagnosticado con una enfermedad severa, para la que recibía tratamiento médico especializado una vez por semana. Además, informó que el Lcdo. Reynaldo Rodríguez Peña era quien transporta a su padre y gestionaba sus medicamentos. El peticionario acompañó las pruebas médicas que acreditaban la imposibilidad del Lcdo. Ramiro Rodríguez Ramos para representarlo.[4]

El TPI denegó la renuncia y ordenó al peticionario replicar a la moción de sentencia sumaria. El peticionario pidió reconsideración, debido a la incapacidad física y emocional de sus abogados para cumplir con los términos establecidos y las órdenes del tribunal. Sus abogados explicaron que los informes médicos evidenciaban que el Licenciado Ramiro Rodríguez Ramos tenía dos tumores sólidos cancerosos en la próstata e incrustados

---

[1] Véase Demanda, Sistema Unificado de Manejo y Administración de Casos, entrada número 1 ante el TPI.
[2] Sumac TPI, entrada número 168.
[3] Sumac TPI, entrada número 169.
[4] Sumac TPI, entrada número 170.

en la vejiga que le imposibilitaban el almacenamiento de líquidos. Los letrados adujeron que el Lcdo. Ramiro Rodríguez Ramos tenía 76 años y su reacción al tratamiento lo imposibilitaba física y para continuar representando al peticionario. Por su parte, el Lcdo. Reynaldo Rodríguez Peña adujo que no podía continuar representado al peticionario, porque era el responsable de llevar a su padre a los tratamientos médicos y de gestionar sus medicamentos.[5]

Finalmente, el TPI emitió la orden a continuación:

NO HA LUGAR
EN CUANTO AL LICENCIADO RAMIRO RODRÍGUEZ, TENDRÍA QUE DEMOSTRAR QUE ESTA RENUNCIANDO A SU PRÁCTICA.

EN CUANTO AL LICENCIADO REYNALDO RODRÍGUEZ NO HA LUGAR DE PLANO.

SE ACEPTARÍA UNA RENUNCIA CON UNA ACEPTACION SIMULTÁNEA EN UNA MISMA MOCIÓN PARA LO QUE TENDRÍA EL TÉRMINO DE 20 DÍAS PARALELO A LA PRESENTACIÓN DE LA CONTESTACIÓN A LA SENTENCIA SUMARIA.

REITERANDO LA RESPONSABILIDAD ÉTICA DE LA NO ATENCIÓN DE ASUNTOS PENDIENTES ORDENADOS POR EL TRIBUNAL.[6]

Inconforme la peticionaria presentó el recurso ante nuestra consideración en el que alega que:

Incurrió en error el TPI, Hon. Elías Rivera Fernández, y se excedió en su discreción al condicionar la autorización de la renuncia del Lcdo. Ramiro Rodríguez Ramos a que renuncie a la práctica de la profesión, y al haber condicionado la renuncia del Lcdo. Reynaldo Rodríguez Peña, quien es hijo del Lcdo. Ramiro Rodríguez Ramos y tiene el deber como hijo de dedicar tiempo a velar por su salud.

---

[5] Sumac TPI, entrada número 172.
[6] Sumac TPI, entrada número 173.

## II

**El certiorari**

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local definió, el *certiorari* como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica principal del certiorari es la discreción que tiene el tribunal para atenderlo. La discreción ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.,* supra pág. 210.

No obstante, la discreción del foro para expedir el recurso no es absoluta, sino que se guía por la regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V y por los preceptos de la regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. A tales efectos la Regla 52.1 de Procedimiento Civil, supra, establece que el recurso de certiorari solamente será expedido:

....

[p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público

o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Por su parte, la Regla 40 de nuestro reglamento propone que a fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, considere los siguientes criterios al determinar si procede la expedición de un auto de certiorari. El texto de la regla citada es el siguiente.

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, el permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque

interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). Por otro lado, precisa puntualizar que la denegatoria a expedir un auto de certiorari no constituye una adjudicación en los méritos. Por el contrario, es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**La renuncia de representación legal**

La Regla 9.2 de Procedimiento Civil, 32 LPRA Ap. V, establece el trámite a seguir para asumir o renunciar a la representación legal de una parte en un pleito. La renuncia supone que el abogado compareció al pleito y presentó la primera alegación o que asumió la representación legal ya iniciado el pleito. El abogado que presenta la renuncia tiene que evitar el perjuicio de los derechos de su cliente. Por esa razón deberá: (1) notificar al cliente su intención de renunciar, (2) advertirle la necesidad de contractar una nueva representación legal, (3) concederle tiempo para conseguirla y, (4) advertirle las fechas de vencimiento de cualquier término de ley que pueda afectar su causa de acción o la presentación de cualquier escrito que le favorezca. Además, deberá presentar una moción escrita con las razones por las que el tribunal debe autorizar su renuncia. El escrito debe incluir el teléfono y la dirección residencial y postal actualizada de su representado, la constancia de que notificó al cliente su intención de renunciar y acreditar que cumplió con las exigencias del canon 20 de Ética Profesional.[7] El tribunal tiene discreción para rechazar la renuncia, si lesiona

---

[7] El Tribunal Supremo de Puerto Rico aprobó las Reglas de Conducta Profesional de Puerto Rico el 17 de junio de 2025, cuerpo normativo que contendrá los deberes éticos que deben observar quienes ejercen la abogacía y la notaría en nuestra jurisdicción. Las nuevas reglas entrarán en vigor el 1 de enero de 2026, fecha en que quedará derogado el Código de Ética Profesional actual, aprobado en 1970. Véase Regla 1.16. Rechazo o Terminación de la Representación  la Gestión Notaria.

seriamente los derechos de una parte o retrasa de manera indebida el litigio.  Los intereses realmente en juego son los del cliente cuyo abogado presentó la renuncia, porque corre el riesgo de no poder probar su reclamación o de no defenderse adecuadamente de la presentada en su contra. El riesgo de perjuicio se acrecienta, mientras más complejo y adelantado este el proceso judicial. El tribunal deberá ponderar, si la renuncia dislocara significativamente la tramitación del caso para evitar dilaciones inapropiadas. Además, deberá garantizar la asistencia de un abogado, cuando la renuncia pudiera afectar adversamente a una parte. El tribunal tiene la obligación fundamental de salvaguardar los derechos sustantivos del cliente y promover celeridad y economía en los procesos judiciales. La dimisión se permite, siempre que no afecte los derechos de la parte. El abogado deberá continuar representado competente y diligentemente a su cliente, hasta que el tribunal no lo releve formalmente. *Simons y otros v. Leaf Pretroleum Corp.,* 209 DPR 216, 226, 229- 231 (2022); *In re Amill Acosta,* 181 DPR 934, 941 -943 (2011).

### III

El peticionario solicita que revisemos la denegatoria del Tribunal de Primera Instancia a aceptar la renuncia de sus abogados. El TPI condicionó la renuncia del Licenciado Ramiro Rodríguez a que demuestre que dimitió a la práctica de la profesión y del licenciado Reynaldo Rodríguez a que conteste la moción de sentencia sumaria.

Nuestra intervención es necesaria, porque esperar a la apelación ocasionaría un fracaso irremediable de la justicia. El TPI, cometió un abuso de discreción al no aceptar la renuncia de los Licenciados Ramiro Rodríguez Ramos y Reynaldo Rodríguez como abogados del peticionario. La decisión del TPI puso en riesgo de lesionar seriamente los intereses del peticionario. Los Licenciados

Ramiro Rodríguez Ramos y Reynaldo Rodríguez no podrán proveerle una representación legal adecuada, competente y diligente a su cliente. Su renuncia precisamente es para evitar un perjuicio a los derechos de su cliente. Los letrados por motivos personales y de salud no pueden proveerle una representación legal adecuada. Ambos han informado que cumplieron con las formalidades del canon 20 de Ética.[8]

El TPI no ponderó las razones aducidas para la renuncia, conforme a los mejores intereses del peticionario. La renuncia de sus abogados no tiene el propósito de retrasar indebidamente el litigio, ni está basada en razones triviales. Tampoco tiene la intención de lesionar los derechos de la parte recurrida. Por el contrario, está basada en una razón justificada fuera del control del peticionario y de su representación legal. El Lcdo. Ramiro Rodríguez Ramos está totalmente imposibilitado de proveer una representación legal adecuada y efectiva al peticionario. El letrado tiene 76 años y se encuentra recibiendo tratamiento médico, porque sufre de cáncer. La evidencia médica que acredita los serios problemas de salud del Licenciado Ramiro Rodríguez Ramos consta en el expediente y estuvo a disposición del TPI.[9] Por su parte, el Lcdo. Reynaldo Rodríguez Peña es quien está al cuidado de su padre, lo lleva a recibir tratamiento periódicamente y gestiona sus medicamentos. El peticionario expresó su conformidad con la renuncia, porque reconoció que los problemas emocionales, personales y de salud de sus abogados no les permitían proveerle una representación legal adecuada.

El foro primario abuso de su discreción. La renuncia de los licenciados Ramiro Rodríguez Ramos y Reynaldo Rodríguez Peña, no ocasiona un perjuicio al peticionario. Por el contrario, es para su

---

[8] Sumac TPI, entrada número 168.
[9] Sumac TPI, entrada número 170.

beneficio porque le permite contratar una nueva representación legal que adelante sus derechos.

**IV**

Se expide el recurso, se revoca la resolución recurrida y se autoriza la renuncia de los licenciados Ramiro Rodríguez Ramos y Reynaldo Rodríguez como abogados del peticionario.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones